**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **EMILIO CAMPO,** | **Case No.** |
| **Plaintiff,** | |
| vs. | |
| **GRANITE SERVICES INTERNATIONAL, INC.,** and **FIELDCORE SERVICES SOLUTIONS, LLC,** | **Jury Trial Demanded** |
| **Defendant.** | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Emilio Campo (Campo) worked for Defendant Granite Services International, Inc. (Granite), which rebranded in 2017 to become Defendant FieldCore Service Solutions International, LLC (FieldCore) (collectively, "Defendants").

2. The nature of Campo's working relationship with Defendants is that of an employer-employee, and he is entitled to the benefits of an employee under the FLSA.

3. Campo worked overtime while working for Defendants.

4. Defendants paid Campo the same hourly rate for all hours worked including those in excess of 40 in a workweek.

5. Defendants did not pay Campo a true salary.

6. Defendants did not guarantee Campo a true salary.

7. Defendants did not pay Campo full and complete overtime compensation.

8. Campo seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA.

### JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11.     Defendants' headquarters are allegedly in Atlanta, Georgia, in this District and Division.

## PARTIES

12.     Campo worked for Defendants as an Environment, Health, and Safety Advisor from August of 2019 until February 2020.

13.     Throughout his employment with Defendants, Campo was paid the same hourly rate for all hours worked including those in excess of 40 in a workweek.

14.     FieldCore and Granite are a for-profit corporations.

15.     Granite may be served by serving its registered agent, **CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805**, or by any other method authorized by law.

16.     FieldCore may be served by serving its registered agent, **CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805**, or by any other method authorized by law.

17.     Due to the relationship between Granite and FieldCore, these entities were joint employers for the purposes of the FLSA. *See* 29 C.F.R. § 791.2.

18.     FieldCore and Granite are the same entity for all purposes since Granite rebranded as FieldCore.

## COVERAGE UNDER THE FLSA

19.     For at least the past three years, Granite and FieldCore have been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     For at least the past three years, Granite and FieldCore have been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     For at least the past three years, Granite and FieldCore have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees

handling, selling, or otherwise working on goods or materials – such as construction equipment, laptops, and cell phones – that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000.

22.     For at least the past three years, Campo was engaged in commerce or in the production of goods for commerce.

## FACTS

23.     FieldCore is a subsidiary of General Electric (GE).

24.     Granite re-branded as FieldCore.

25.     FieldCore is a newly formed company bringing together the field service resources from Granite and GE Power Services into one field services organization.

26.     Defendants provide field services and technical and support services for the power generation and oil and gas industries.

27.     Campo is one of these employees.

28.     Campo began working for Defendants in August of 2019.

29.     Campo performed work for Defendants in Iowa, Minnesota, and Wyoming.

30.     Campo left Defendants employment in February of 2020.

31.     Defendants paid Campo by the hour.

32.     Campo was paid $48 for each approved hour he worked.

33.     Campo reported the hours he worked to Defendants on a regular basis.

34.     Campo was not guaranteed a true salary.

35.     Campo regularly worked over 40 hours.

36.     For example, in the one-week period ending on November 10, 2019, Campo worked 81 hours.

37.     In that week, Campo worked 41 hours of overtime.

38.     Campo was paid his regular rate of $48 for every hour he worked, including that same rate of pay for the 41 hours of overtime he worked.

3

39.     Rather than receiving time and half as required by the FLSA, Campo only received "straight time" pay for overtime hours worked.

40.     Defendants' "straight time for overtime" payment scheme violates the FLSA.

41.     Defendants were and are aware of the overtime requirements of the FLSA.

42.     Defendants nonetheless fail to pay Campo overtime.

43.     Defendants failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## CAUSE OF ACTION—VIOLATION OF THE FLSA

44.     Paragraphs 1 through 43 are incorporated by reference.

45.     Defendants have violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating Campo straight time for overtime in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating Campo for his employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which he was employed.

46.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Campo overtime compensation.

47.     Defendants' failure to pay overtime compensation to Campo was neither reasonable, nor was the decision not to pay overtime made in good faith.

48.     Accordingly, Campo is entitled to overtime wages under the FLSA in an amount equal to 1.5 times his rate of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

49.     Campo prays for judgment against Defendants as follows:

a.     For an order finding Defendants liable for violations of federal wage laws with respect to Campo;

b.     For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Campo;

c.     For a judgment awarding Campo his costs of this action;

d.      For a judgment awarding Campo his attorneys' fees;

e.      For a judgment awarding Campo pre- and post-judgment interest at the highest rates allowed by law; and

f.      For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:    /s/ *C. Ryan Morgan*
       **C. Ryan Morgan, Esq.**
       FBN 0015527
       Morgan & Morgan, P.A.
       20 N. Orange Ave., 15th Floor
       P.O. Box 4979
       Orlando, FL 32802-4979
       Telephone:      (407) 420-1414
       Facsimile:      (407) 867-4791
       Email:  rmorgan@forthepeople.com

       **ATTORNEYS FOR PLAINTIFF**